```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

HIRAM RASOOL ABIFF, SIMBA SALAAM  )
ABIFF,                            )
                                  )
            Plaintiffs,           )
                                  )   Civil No. 2017-06
            v.                    )
                                  )
U.S. HOUSING AND URBAN            )
DEVELOPMENT, VIRGIN ISLANDS       )
HOUSING AUTHORITY, PRESTIGE       )
BUILDING COMPANY, LLC             )
                                  )
            Defendants.           )
```

**APPEARANCES:**

**Hiram Rasol Abiff**
St. Thomas, U.S.V.I.
   *Pro se,*

**Gretchen Shappert, United States Attorney**
U.S. Attorney's Office
St. Thomas, U.S.V.I.
   *For U.S. Housing and Urban Development,*

**Kyle Waldner**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, U.S.V.I.
   *For Prestige Building Company, LLC,*

**Carol Ann Rich**
Dudley & Rich
St. Thomas, U.S.V.I.
   *For Virgin Islands Housing Authority.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the complaint of Hiram Rasool Abiff and Simba Salaam Abiff.

On January 20, 2017, Hiram Rasool Abiff and Simba Salaam Abiff ("the Abiffs") filed a complaint in this Court (the "Complaint"). The Complaint sought, among other things, a temporary restraining order to stop "defendant [from] cutting down . . . trees in Oswald Harris Court (OHC) housing community." *See* ECF No. 1 at 1. The Court denied the petition for a temporary restraining order on February 2, 2017, because the Abiffs did "not compl[y] with the procedural requirements of the Federal Rules of Civil Procedure." *See* ECF No. 16 at 2.

On July 9, 2018, the Abiffs filed an amended complaint (the "Amended Complaint"). The amended complaint names the United States Department of Housing and Urban Development, the Virgin Islands Housing Authority, and Prestige Building Company, LLC as defendants. In their entirety, the factual allegations in the Amended Complaint are as follows:

> 1. V.I. Housing Authority with H.U.D. financing built Segar Estate Senior Citizen Development housing in Estate Thomas, St. Thomas and deliberately excluded housing based businesses from getting piece of the action as required by law when over $100,000.00 is awarded. Although Prestige Builders, the Contractor invited plaintiff to bid on painting of building, we were made to get $1,000,000.00 General liability Insurance, $2

> million employees liability insurance, workman's compensation insurance, VI painting contractor license and Prestige Builders didn't give out any business to section 3 businesses or low-income persons according to H.U.D. Modernization Assistance provided pursuant to section 14 of the 1937 Act. (3)(b) contractor and subcontractor thresholds. (d) Other H.U.D. Assistance and other Federal Assistance.
>
> 2. Plaintiffs are being denied due process rights by defendant VIHA not allowing us to be involved in the day to day decision making process as required by U.S. HUD rule 964.135
>
> 3. Plaintiffs are being denied the right to live in a clean, safe, healthy apartment because of V.I.H.A. failure to eliminate the termites in our unit.

ECF No. 25 at 2-3. The Amended Complaint seeks a permanent injunction and monetary damages. Each defendant has filed a motion to dismiss the Amended Complaint.

Federal Rule of Civil Procedure 8 ("Rule 8") provides that, in order to state a complaint for relief, a pleading

> . . . must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Rule 8 provides further guidance with respect to the form and nature of pleadings:

> (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

> (2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
> (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d).

The Third Circuit has recognized that, in certain cases, "a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *see also Tillio v. Northland Grp., Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012) (affirming a district court's dismissal of a *pro se* complaint for failure to comply with Rule 8).

In *Purisima v. City of Philadelphia*, 738 Fed. App'x 106 (3d Cir. 2018), Anton Purisima ("Purisima") filed a *pro se* complaint in the Eastern District of Pennsylvania. *Id.* at 106. The district court dismissed Purisima's complaint for failure to comply with Rule 8(a). *Id.* After granting leave to amend twice, the district court again dismissed Purisima's second amended complaint for failure to comply with Rule 8. *Id.* at 106-07. Purisima appealed.


On appeal, the Third Circuit affirmed the district court's dismissal of the second amended complaint. *Id.* at 107. The Third Circuit held:

> [Purisima's] complaint fails to put forth any facts whatsoever to support his claims, omitting, for instance, the specific events and dates which serve as the basis for each claim, how each defendant was involved, the basis for relief, or the District Court's jurisdiction in this matter. Purisima's pleadings [do not] provide[e] defendants notice of the claims against them. . . .

*Id.*

Here, it is difficult to discern the precise nature of the this action. It seems that the Abiffs take issue with the maintenance of their residence. To that end, the Amended Complaint appears to plead several causes of action arising under HUD regulations, a due process violation, and a "section 3" violation.

There are several issues with the Amended Complaint. It is unclear how each defendant is involved in each cause of action asserted by the Abiffs. The amended complaint also fails to plead the dates that the relevant events allegedly took place. Further, the Abiffs have not provided support for their claims, but rather only make conclusory allegations.

For example, the Abiffs claim that Hiram Rasool Abiff owns a "section 3 qualified business[,]" but fail to state the name of this business, describe what the business does, explain why

the business qualifies as a "section 3" business, or when it was denied an opportunity to enter into a contract. Further, it appears that there are two different housing developments involved in the amended complaint--the Sugar Estate Senior Citizen Development and "OHC"--but it is not clear which allegations and causes of action relate to which housing development.

The Court finds that the Amended Complaint is underdeveloped to the point that it fails to put the defendants on adequate notice of the claims against them. Also, it has not provided the Court with sufficient information to determine if a cause of action exists. In cases such as this, the Third Circuit has approved of district courts dismissing *pro se* complaints that fail to comply with Rule 8, "provided that the court expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time." *Francis v. State Office of Law Guardian*, 289 Fed. App'x 472, 473 (3d Cir. 2008) (citations omitted).

The premises considered, it is hereby

**ORDERED** that the amended complaint docketed at ECF Number 25 is **DISMISSED**; it is further

**ORDERED** that, to the extent they wish to do so, the Abiffs may file an amended complaint that complies with Federal Rule of

Civil Procedure 8 no later than 3:00 P.M. on October 14, 2019;

and it is further

    **ORDERED** that all pending motions are **MOOT.**


                                                              S\_____
                                                                **CURTIS V. GÓMEZ**
                                                               **District Judge**